ORIGINAL

FILED

03/23/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0238

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 20-0238

ALPS PROPERTY & CASUALTY INSURANCE
COMPANY, d/b/a Attorneys Liability Protection
Society, a Risk Retention Group,

      Plaintiffs and Appellees,

v.

KELLER, REYNOLDS, DRAKE, JOHNSON &
GILLESPIE, P.C., RICHARD GILLESPIE,
BRYAN SANDROCK, GG&ME, LLC,
a Montana Limited Liability Company, and
DRAES, INC., a Montana Close Corporation,
CHARLES JOSEPH SEIFERT and THOMAS Q.
JOHNSON,

      Defendants and Appellants.

FILED

MAR 2 3 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

---

Defendants and Appellants, Sandrock, GG&ME, LLC, and Draes, Inc. (collectively "Sandrock"), filed a petition for rehearing of this Court's February 23, 2021 Opinion affirming the District Court's grant of summary judgment in favor of Plaintiff and Appellee, ALPS Property & Casualty Insurance Company. *ALPS Prop. & Cas. Ins. Co. v. Keller, Reynolds, Drake, Johnson & Gillespie, P.C.*, 2021 MT 46, ____ Mont. ____, ____ P.3d ____.

Under M. R. App. P. 20, this Court seldom grants petitions for rehearing. The rule makes clear that this Court will entertain a petition for rehearing on very limited grounds. This Court will consider a petition for rehearing only if the opinion "overlooked some fact material to the decision," if the opinion overlooked a question that would have decided the case, or if the "decision conflicts with a statute or controlling decision not addressed" by the Court. M. R. App. P. 20.

In his petition, Sandrock claims that this Court did not distinguish critical facts that individual attorneys Johnson and Seifert did not know of the default or the sanctions until April 2016. He asserts this Court misconstrued and ignored the facts when it imputed knowledge of the potential claim upon Johnson and Seifert. This assertion, however, as noted in the petition itself, acknowledges that the Court did in fact consider the issue. Sandrock fails to identify facts in the record that this Court ignored or overlooked but merely disagrees with our decision. Sandrock next asks this Court to consider a lengthy hypothetical based on the alleged practices of the state's larger law firms. These facts are not in the record nor were they at issue on this appeal, and we will not consider them now upon rehearing. Sandrock next re-argues—at length—the import of attorney Gillespie's beliefs concerning the effects of the entry of default. The Court squarely confronts this exact issue in paragraph 28 and 29 of the Opinion. Having identified the issue, the Court considered, analyzed, and resolved it. Sandrock next argues for this Court to reconsider the effect of the "failure to supervise" claim against Johnson and Seifert and claims that this Court ignored the fact that Gillespie had months to retain and prepare for an April 16, 2016 damages hearing but failed to properly prepare *after* ALPS issued the policy. We directly addressed the issue in footnote 2 of the Opinion. Moreover, we directly addressed the nature of claims-made policies, like the policy at issue here, in paragraph 15 of the Opinion. Yet again, Sandrock fails to identify a fact in the record that this Court did not consider.

Finally, Sandrock seeks review of the following issue: "Is a reportable legal malpractice claim confined to a singular insurance policy at a definable point in time or ongoing and capable of triggering multiple insurance policies over multiple years?" This issue was not presented in the original briefing. This Court will not review an issue raised for the first time in a petition for rehearing and will only consider those questions the Court overlooked. M. R. App. P. 20(1)(a)(ii).

This Court has specific criteria for considering a petition for rehearing and will do so only upon the grounds set forth in M. R. App. P. 20. No basis exists under Rule 20 to allow rehearing. Having fully considered Appellant's petition, the Court concludes that rehearing

is not warranted under Rule 20. The Court did not overlook material facts or issues raised by the parties or fail to address a controlling statute or decision that conflicts with the Opinion.

IT IS THEREFORE ORDERED that the petition for rehearing is DENIED.

The Clerk is directed to provide copies of this Order to all parties and counsel of record.

Dated this 23rd day of March, 2021.

Justices